**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK SOJKA and STEPHANIE SOJKA, on behalf of plaintiffs and the classes defined herein, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SUNDANCE VACATIONS N.A., INC., and DOES 1-10, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiffs Mark Sojka and Stephanie Sojka bring this action to secure redress for the actions of defendant Sundance Vacations, N.A., Inc., in making or causing the making of telemarketing calls to persons on the "do not call" list, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law.

**PARTIES**

2.      Plaintiffs Mark Sojka and Stephanie Sojka are individuals who reside in the Northern District of Illinois.

3.      Defendant Sundance Vacations, N.A., Inc., is a Pennsylvania corporation with its principal place of business at 264 Highland Park Blvd., Wilkes Barre, Pennsylvania 18702.  It is engaged in the business of selling vacation packages.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

4.      Defendants Does 1-10 are other natural or artificial persons that were involved in the making of the calls.  Plaintiffs do not know who they are.

1

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-753 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.     Have committed tortious acts in Illinois by causing the transmission of

          unlawful communications in that state.

   b.     Do business in Illinois.

7.     Venue in this District is proper for the same reason.

## FACTS

8.     Plaintiffs have been on the national "do not call list" since 2007.

9.     On November 3, 2014, plaintiffs received the following message on their residential voicemail:

> **Good morning, this is Amy, I'm calling regarding the entry form you filled out with Sundance Vacations on August 8th, when you saw Motley Crue. I'm calling with fantastic news this morning. You were selected to receive a 3 night Royal Caribbean Carnival Norwegian Cruise to the beautiful Bahamas, plus round trip airfare for two passengers. Call me back as soon as you get this message 1-800-390-7000 extension 305, and that way I can share all the details with you. And when you call me back ask me how you can receive a $20 dinner certificate for your favorite restaurant. Thank you so much, I can't wait for the call, in the meantime have yourself a great day Amy.**

10.     On November 7, 2014, plaintiffs received the following message on their residential voicemail:

> **Hi this message is for Amy, this is Colin giving you a call with Sundance Vacations. Hey Amy, I was calling regarding the contest you entered into at the Motley Crue concert back on the 8th of August. You had stopped by our display to take a chance at some of the stuff we are giving out this year. I was calling today with very exciting news regarding your entry from. I am going to need someone to call me back immediately once you get this message. We do have exciting news regarding your entry. You're one of the lucky people that were selected this year to receive one of the gifts we're giving out. The toll free number here back to my office you can reach me at is 1-800-291-0500 my office extension here is 926. I do need to hear back from you once you get this message. Please go ahead and give us a call once you get this. Again that's 1-800-291-0500 extension 926. Have yourself a wonderful**

2

**day ad I'll be looking forward to hearing back from you. Bye-bye.**

11.    On November 12, 2014, plaintiffs received the following message on their

residential voicemail:

**Hi this is Billy with Sundance Vacations calling in regards to an entry form you filled out on August 8th, when you went to Motley Crue in concert.  I have some exciting news to share with you, you were selected for a 4 day, 3 night cruise on Royal Caribbean Carnival Norwegian Cruise line, and this includes two round trip airfare, so if you'd please call me back.  I'll be more than happy to share all the details with you.  Thank you and you have a wonderful day.**

12.    On November 18, 2014, plaintiffs received the following message on their

residential voicemail:

**Hi Amy, this is Jenea.  Please call me regarding the entry form you filled out for Sundance Vacations at Motley Crue concert on August 8th.  My toll free number is 800-233-1613 extension 323.  Thank you so much and I can't wait to hear from you.**

13.    On November 24, 2014, plaintiffs received the following message on their

residential voicemail:

**Hey Amy, this Alyssa calling from Sundance Vacations about the entry form that you filled out with us when you were at the Motley Crue concert on August 8. I have some awesome news for you so give me a call as soon as possible at 1-800-291-0500 X723. I'll be looking forward to your call and hope you have a great day.**

14.    On November 28, 2014, plaintiffs received the following message on their

residential voicemail:

**Good evening, this is Lorrice. I am calling about the entry you filled out with Sundance Vacations. I have got awesome news for you. Call me at 800-291-0500. My extension is 931. You're chosen for a 3 night Caribbean vacation to Cancun, Mexico, Montego Bay, Jamaica or San Juan in Puerto Rico. Call me back as soon as possible and I will share all my details with you. It's 800-291-0500 X931. Again my name is Lorrice and I am in promotions and awards and I look forward to your call back.**

15.    Plaintiffs did not attend a Motley Crue concert on August 8, 2014 and had not

filled out any such entry form.

16.    The "vacation" program is a promotion engaged in by defendant Sundance

Vacations, N.A., Inc., for the purpose of promoting its goods and services.

17.    Defendant Sundance Vacations, N.A., Inc., as the entity whose products or

services were advertised, derived economic benefit from the calls.

18.　　Defendant Sundance Vacations N.A., Inc, either negligently or wilfully violated

the rights of plaintiffs and other recipients in making or arranging for the calls.

## COUNT I – TCPA

19.　　Plaintiffs incorporate paragraphs 1-18.

20.　　A private right of action for "do not call" violations is conferred upon any person

who has received "more than one telephone call within any 12-month period by or on behalf of

the same entity in violation of the regulations prescribed" by the FCC.  47 U.S.C. §227(c)(5)

provides:

> **(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--**
>
> > **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

21.　　Plaintiffs and each class member are entitled to statutory damages.

22.　　Defendants violated the TCPA even if their actions were only negligent.

23.　　Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.　　Pursuant to Fed. R. Civ.P. 23(a) and (b)(3), plaintiffs bring suit on behalf of a

class.

25.    The class consists of (a) all persons (b) whose phone numbers are listed on the national do not call list (c) who have received, at any time during the last four years (d) more than one telephone call within any 12-month period (e) by or on behalf of Sundance Vacations, N.A., Inc., (f) with respect to whom defendants cannot provide a writing in which the person expressly consented to such calls.

26.    On information and belief, defendants have made or arranged for similar calls to at least 40 other persons.

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominate common questions include:

> a.    Whether defendants engaged in a pattern of placing calls to persons on the national do not call list;
>
> b.    The manner in which defendants compiled or obtained their list of numbers;
>
> c.    Whether defendants thereby violated the TCPA.

28.    Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

29.    Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

30.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

31.     Several courts have certified class actions under the TCPA.  Telephone call and text message cases include:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir., 2012); *Mitchem v Illinois Collection Serv.*,  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).  Fax cases include *Holtzman v. Turza*, 08 C 20014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);  *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010);  *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*,  03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

32.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

        a.    Actual damages;

        b.    Statutory damages;

        c.    An injunction against further violations;

        d.    Costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

### COUNT II -- ILLINOIS CONSUMER FRAUD ACT

33.    Plaintiffs incorporate paragraphs 1-18.

34.    Defendants engaged in unfair acts and practices, in violation of ICFA §2, 815 ILCS 505/2, by making telephone calls to plaintiffs' home phone when it was registered on the Do Not Call Registry.

35.    Defendants' conduct is contrary to public policy, as set forth in the TCPA.

36.    Plaintiffs suffered damages as a result of receipt of the calls.

37.    Defendants engaged in such conduct in the course of trade and commerce.

38.    Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

39.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

40    The class consists of (a) all persons (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/10a), (c) received two or more calls from defendants within a one year period (d) on a telephone listed on the National Do Not Call Registry, (e) with respect to whom defendants cannot provide evidence of express consent prior to the call.

41.    The class is so numerous that joinder of all members is impractical.  Plaintiffs

allege on information and belief that there are more than 40 members of the class.

42.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to plaintiffs' home phone when plaintiffs' home phone number was registered on the Do Not Call Registry;

        b.     The manner in which defendants compiled or obtained their list of telephone numbers;

        c.     Whether defendants obtained the consent of the called parties;

        d.     Whether defendants thereby violated the ICFA.

43.     Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

44.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

45.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

        (1)     Compensatory and punitive damages;

(2)    An injunction against further violations;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other or further relief as the Court deems just and proper.

### COUNT III – ILLINOIS RESTRICTED CALL REGISTRY ACT

47.    Plaintiffs incorporate paragraphs 1-18.

48.    815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

49.    815 ILCS 402/5(a)  defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

50.    815 ILCS 402/5(e) defines "Telephone solicitation" to mean  --

> **any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**
>
> > **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**
> >
> > > **(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**
> > >
> > > **(B) The telephone solicitation is made 30 business days after**

9

**the last date on which the subscriber consented to be contacted.**

**(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**

**(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**

**(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

51.    815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

52.    815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

53.     Plaintiffs are "residential subscribers" within the meaning of the Restricted Call Registry Act.

54.     Plaintiffs' number has been on the National Do Not Call Registry since 2007.

55.     Defendants violated the Restricted Call Registry Act by making a telephone solicitation to plaintiffs more than 45 days after plaintiffs placed their number on the National Do Not Call Registry.

56.     Defendants violated the Restricted Call Registry Act even if their actions were only negligent.

57.     Plaintiffs are entitled to statutory damages for defendants' violation of the Restricted Call Registry Act.

## CLASS ALLEGATIONS

58.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class.

59.     The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) received a call from defendants (d) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call from defendants, (e) which call advertised the commercial availability of any property, goods, or services of defendants.

60.     On information and belief, the class is so numerous that joinder of all members is impractical.

61.     Plaintiffs allege that there are more than 40 members of the class.

62.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These questions include:

        a.     Whether defendants timely obtain numbers on the National Do Not Call Registry;

        b.     The manner in which defendants places telemarketing calls.

63.     Plaintiffs' claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

64.     Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel  have any interests adverse to or in conflict with the absent class members.

65.     A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiffs request that this Court enter judgment in favor of plaintiffs and the class and against defendants for:

(1)     Statutory damages;

(2)     Injunctive relief;

(3)     Costs;

(4)     Such other and further relief as the Court may deem just and proper.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

13